IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANGEL SHULIN, Individually, and
as the parent and natural guardian
of minors, A.S. and H.B., and as
the Administrator of the Estate
of Michael Mario Schreiner,

        Plaintiff,

v.                     //    CIVIL ACTION NO. 1:15CV95
                                (Judge Keeley)

WERNER ENTERPRISES, INC.,
doing business as Werner Trucking,
and GREGORY RIFFLE,

        Defendants.


### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 5]

Pending before the Court is the motion to dismiss filed by the defendants, Gregory Riffle ("Riffle") and Werner Enterprises, Inc. ("Werner"). For the reasons discussed below, the Court **DENIES** the motion to dismiss (Dkt. No. 5).

### BACKGROUND

As it must, the Court accepts the factual allegations in the complaint as true for purposes of the motion to dismiss. Zak v. Chelsea, 780 F.3d 597, 601 (4th Cir. 2015)(citing Matrix Capital Mgmt. Fund, LP v. Bearing Point, Inc., 576 F.3d 172, 176 (4th Cir. 2009)).

On the morning of May 7, 2013, Charles Kennedy ("Kennedy") and Michael Mario Schreiner ("Schreiner") drove from Pittsburgh,

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS [DKT. NO. 5]**

Pennsylvania, to Morgantown, West Virginia, to perform maintenance work in a Morgantown-area facility for their employer, Tri-State (Dkt. No. 4 at 7).  Around 1:26 P.M., Kennedy and Schreiner were traveling northbound on Interstate 79 when Kennedy's Nissan pickup truck began experiencing mechanical problems.  Id. at 8.  Kennedy pulled over and parked his truck on the right-hand shoulder, following which Schreiner and Kennedy got out of the truck.  Id.

At that time, Riffle was driving a tractor trailer owned by his employer, Werner, in the right-hand lane on Interstate 79 northbound.  Id.  As he approached, Riffle saw Kennedy and Schreiner standing outside the stopped vehicle.  Id.  Riffle "took his attention off of the situation at hand," and almost struck a vehicle in the left lane.  He then overcorrected and steered back across the right lane of traffic, at which point he drove his tractor trailer onto the right-hand shoulder, striking Kennedy and killing Schreiner.  Id. at 9.

In the months leading up to the incident, Riffle had been written up or cited by Werner for "his failure and inability to properly and effectively operate and maintain his tractor trailer." Id.  Riffle's deficiencies included failure to effectively, properly, and safely use his mirrors, and failure to control his

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS [DKT. NO. 5]**

tractor trailer in a safe manner, including use of a cellular device while driving. <u>Id.</u> Of note, Riffle was using a cellular device while operating his tractor trailer on the day of the incident. <u>Id.</u> at 13.

On April 29, 2015, the plaintiff, Angel Shulin ("Shulin"), filed suit in the Circuit Court of Monongalia County, West Virginia, alleging wrongful death, negligence, and survivorship claims. <u>Id.</u> at 9-16. Shulin, who is the mother of Schreiner, alleges claims on behalf of herself, minors A.S. and H.B., and Schreiner's estate. <u>Id.</u> at 6.

On May 29, 2015, Werner and Riffle filed a notice of removal in this Court, alleging diversity jurisdiction (Dkt. No. 1). Shulin, A.S., and H.B. are citizens of the Commonwealth of Pennsylvania. <u>Id.</u> Riffle is a citizen of the State of Ohio, and Werner is a Nebraska corporation with its principal place of business in Nebraska. <u>Id.</u>

On June 5, 2015, Werner and Riffle filed a combined answer and motion to dismiss Shulin's complaint. In their pleadings, they alleged that Shulin had (1) improperly served Riffle, requiring dismissal pursuant to Fed. R. Civ. P. 12(b)(5, and (2) failed to adequately plead facts supporting her claim for punitive damages

(Dkt. No. 5).  Shulin responded on June 26, 2015, arguing that she had served Riffle properly on June 17, 2015, and had adequately pleaded her punitive damages claim (Dkt. No. 12).[1]  The motion is now fully briefed and ready for disposition.

### LEGAL STANDARD

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a district court must accept the factual allegations in the complaint as true.  Zak, 780 F.3d at 601.  While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).  Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (1986).

In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief

---

[1] Although Shulin filed her response on June 26, 2015 (Dkt. No. 9), she later re-filed a redacted copy on July 1, 2015, at the direction of the Clerk, to comply with the e-Government Act (Dkt. No. 12).  The Court will therefore cite to the public, redacted copy of the response.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS [DKT. NO. 5]**

---

that is plausible on its face.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Twombly, 550 U.S. at 547, 127 S.Ct. at 1960). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Based on these controlling legal principles, the Court turns to the arguments of the parties.

## ANALYSIS

### A.   Insufficient Service of Process

Riffle asserts that Shulin failed to properly serve him with the summons and complaint, and that dismissal pursuant to Fed. R. Civ. P. 12(b)(5) is therefore appropriate (Dkt. No. 5 at 4). Shulin originally served Riffle through Werner's registered agent.[2] Id. Pursuant to Fed. R. Civ. P. 4(e), however, Riffle must be served personally at his dwelling or usual place of abode. Id.

Shulin admits that she attempted to serve Riffle through

---

[2] Riffle also alleges that he is not currently employed by Werner (Dkt. No. 5 at 4).

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS [DKT. NO. 5]**

---

Werner's registered agent, but contends she cured that defective service by properly serving Riffle on June 18, 2015, well within the 120-day period provided by Fed. R. Civ. P. 4(m) (Dkt. No. 12 at 4). Shulin proffers her good faith belief that she could serve Riffle through Werner's registered agent because Werner's counsel represented that Riffle was still in Werner's employ. Id. at 405.

A plaintiff must effectuate service of process on each defendant within 120 days after filing the complaint. Fed. R. Civ. P. 4(m); Reliable Tax & Financial Serv., Inc. v. H & R Block E. Tax Serv., Inc., 212 F.Supp.2d 592, 594 (E.D. Va. 2002). If the plaintiff fails to properly serve a defendant within 120 days, the Court must dismiss the complaint without prejudice unless the plaintiff shows good cause, which requires "demonstrating reasonable and diligent efforts to effect service." Reliable Tax, 212 F.Supp.2d at 595 (citing T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D.W. Va. 1996). If service is contested, the plaintiff bears the burden of establishing validity. Tann v. Fisher, 276 F.R.D. 190, 192 (D. Md. 2011) (internal citations omitted).

The plaintiff must serve an adult individual by one of the following methods: (1) personally delivering to the individual a

6

copy of the summons and complaint; (2) leaving a copy of the
summons and complaint "at the individual's dwelling or usual place
of abode with someone of suitable age and discretion who resides
there"; or, (3) delivering a copy of the summons and complaint to
an agent authorized to receive service of process. Fed. R. Civ. P.
4(e)(2).

Shulin filed suit on April 29, 2015 (Dkt. No. 1-1 at 1). She
served Riffle's mother, at his home, on June 18, 2015, fifty days
into the 120-day period permitted by Rule 4(m) (Dkt. No. 7 at 2).
It is uncontested that such service was timely and proper.[3] See
Caesar v. Newman, No. 3:12-1287, 2013 WL 44600015, at *2 (D.S.C.
Aug. 16, 2013) (noting that defendants may challenge service under
Rule 12(b)(5), following which, the Court must dismiss the case if
the plaintiff does not serve the defendants within the 4(m)
period). Shulin has properly served Riffle within the 120-day
period provided by Rule 4(m). The Court therefore **DENIES** Riffle's
motion to dismiss pursuant to Rule 12(b)(5).

**B.    Failure to State a Claim**

Riffle and Werner also seek dismissal of Shulin's punitive

---

[3] To date, neither Werner nor Riffle has filed a reply.

7

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS [DKT. NO. 5]**

---

damages claims, contending that "factual averments demonstrating the requisite malice, wantonness, and criminal indifference are completely void from [the complaint]" (Dkt. No. 5 at 6).  Shulin argues that she has pleaded sufficient facts to establish Riffle's "general disregard of the rights of others," which is all West Virginia law requires (Dkt. No. 12 at 6).  See Addair v. Huffman, 195 S.E.2d 739, 746 (W. Va. 1973) (permitting an inference of malice sufficient to uphold a punitive damages award based on the defendant's "general disregard of the rights of others, rather than an intent to injure a particular individual").

A showing of "simple negligence," however, is insufficient to secure a punitive damages award in West Virginia; the plaintiff must establish that the defendant has engaged in "a wilful, wanton, reckless or malicious act."  Bennett v. 3 C Coal Co., 379 S.E.2d 388, 394 (W. Va. 1989) (quoting Wells v. Smith, 297 S.E.2d 872, 875 (W. Va. 1983), overruled on other grounds by Garnes v. Fleming Landfill, Inc., 413 S.E.2d 897, 908 (W. Va. 1991) (internal quotation marks omitted)).  A jury may award punitive damages "by way of punishment for wilfulness, wantonness, malice, or other like aggravation of his wrong to the plaintiff, over and above full compensation for all injuries directly or indirectly resulting from

such wrong." Syl. pt. 4, <u>Harless v. First Nat'l Bank in Fairmont</u>, 289 S.E.2d 692, 702 (W. Va. 1982) (quoting Syl. pt. 1, <u>O'Brien v. Snodgrass</u>, 16 S.E.2d 621, 621 (W. Va. 1941)).

Shulin has not pleaded a stand-alone cause of action for punitive damages; rather, she is seeking punitive damages in addition to compensatory damages and other relief under each of the two counts in her complaint (Dkt. No. 4 at 15-17). It is well-established that punitive or exemplary damages are permitted for both negligence and wrongful death actions in West Virginia. <u>See</u> <u>Hoover v. Trent</u>, No. 1:07CV47, 2008 WL 2992987, at *3 (N.D.W. Va. Aug. 1, 2008) (citing <u>Bond v. City of Huntington</u>, 276 S.E.2d 539, 545 (W. Va. 1981) (holding that punitive damages may be recovered in a wrongful death action)); <u>Stump v. Ashland, Inc.</u>, 499 S.E.2d 41, 52 (W. Va. 1997) (permitting recovery of punitive damages for negligent infliction of emotional distress).

Here, Shulin has sufficiently pleaded facts tending to show wanton, reckless, malicious, or wilful behavior. These include that (1) Riffle saw Kennedy's vehicle stopped on the shoulder of Interstate 79 as he approached, but nonetheless failed to avoid swerving onto the shoulder and hitting Schreiner; (2) after Riffle saw Kennedy and Schreiner, he took his attention off of the road,

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS [DKT. NO. 5]**

almost struck a vehicle in the left-hand lane, and overcorrected back across the right-hand lane and onto the shoulder; (3) Riffle had been repeatedly cited or written up by Werner for failure to use his mirrors, using his cellular device while driving, and general inability to control the tractor trailer safely; (4) despite Werner's knowledge of Riffle's deficiencies, it continued to allow him to operate a tractor trailer; (5) Riffle changed lanes at a high rate of speed; and, (6) Riffle was using a cellular device while operating his tractor trailer (Dkt. No. 4 at 8-13).

Based on these facts, the Court **FINDS** that, for purposes of a motion to dismiss, Shulin has plausibly alleged sufficient facts to support an award of punitive damages. See Snodgrass, 16 S.E.2d at 623 (holding that punitive damages claims must be specially pleaded). It therefore **DENIES** Werner and Riffle's motion to dismiss pursuant to Rule 12(b)(6).

It is so **ORDERED.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS [DKT. NO. 5]**

The Court directs the Clerk to transmit copies of this Order

to counsel of record.

DATED:   August 10, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE